# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH STAFFORD, | CASE NO: 1:12-cv-01675-GBC (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE CLAIMS ON COMPLAINT FORM |
| v. | |
| P. J. BRAZELTON, | Doc. 5 |
| Defendant. | THIRTY DAY DEADLINE |

On June 28, 2012, Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se, wrote a letter to the United States District Court, for the Northern District of California, complaining of conditions at Pleasant Valley State Prison ("PVSP"). Doc. 1. On June 28, 2012, the Court construed Plaintiff's letter as a civil rights action pursuant to 42 U.S.C. § 1983, and ordered Plaintiff to file his claims on a complaint form if he wanted to proceed. Doc. 3. On July 16, 2012, Plaintiff filed a motion for an extension of time in which to file his claims on a complaint form. Doc. 5. On October 11, 2012, the Court transferred this action to the United States District Court for the Eastern District of California, Fresno Division[1] since the claims in Plaintiff's letter took place at PVSP. Doc. 6.

//

//

---

[1] The prior case number was 3:12-cv-03355-JSW (PR).

In Plaintiff's motion for an extension of time in which to file his claims on a complaint form, he states that he is attempting to utilize the administrative appeals process. Doc. 5.[2] The Court HEREBY GRANTS Plaintiff's motion for an extension of time in which to file his claims on a complaint form.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his claims on a complaint form; and
3. If Plaintiff fails to file his claims on a complaint form, the Court will dismiss this action, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:   October 22, 2012

UNITED STATES MAGISTRATE JUDGE

---

[2] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.