# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH STAFFORD, | CASE NO: 1:12-cv-01675-GBC (PC) |
| Plaintiff, | ORDER STRIKING COMPLAINT AS UNSIGNED |
| | Doc. 17 |
| v. | ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE CLAIMS ON COMPLAINT FORM |
| P.J. BRAZELTON, | |
| Defendant. | Doc. 16 |
| _____/ | THIRTY DAY DEADLINE |

On June 28, 2012, Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se, wrote a letter to the United States District Court, for the Northern District of California, complaining of conditions at Pleasant Valley State Prison ("PVSP"). Doc. 1. On June 28, 2012, the Court construed Plaintiff's letter as a civil rights action pursuant to 42 U.S.C. § 1983, and ordered Plaintiff to file his claims on a complaint form if he wanted to proceed. Doc. 3. On July 16, 2012, Plaintiff filed a motion for an extension of time in which to file his claims on a complaint form. Doc. 5. On October 11, 2012, the Court transferred this action to the United States District Court for the Eastern District of California, Fresno Division[1] since the claims in Plaintiff's letter took place at PVSP. Doc. 6.

---

[1] The prior case number was 3:12-cv-03355-JSW (PR).

1    On October 22, 2012, this Court granted Plaintiff's motion for extension of time to file his claims on a complaint form. Doc. 9. On November 30, 2012, Plaintiff filed a second motion for an extension of time in which to file his claims on a complaint form. Doc. 16.

On December 3, 2012, Plaintiff filed his claims on a complaint form, but his complaint is unsigned. Doc. 17. The Court must strike unsigned filings. Fed. R. Civ. P. 11(a).

In Plaintiff's motion for an extension of time in which to file his claims on a complaint form and in his unsigned complaint, he again states that the grievance process is not completed. Doc. 16.[2]

The Court will grant Plaintiff's motion for extension of time to file his claims on a complaint form. However, Plaintiff is cautioned that pursuant to Local Rule 220, every pleading shall be <u>complete in itself without reference to the prior or superseded pleading</u>. The signed complaint must be **complete in itself**. <u>The Court does not accept piecemeal complaints</u>.

//
//
//
//
//
//
//

---

[2] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)). Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed December 3, 2012, is STRICKEN, as unsigned;
2. Plaintiff's second motion for an extension of time in which to file his claims on a complaint form is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his claims on a complaint form, **which is complete in itself, and does not refer to any other pleadings**; and
5. If Plaintiff fails to submit a signed complaint on a complaint form within thirty (30) days, the Court will dismiss this action, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:   December 5, 2012

UNITED STATES MAGISTRATE JUDGE