# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN KEITH STAFFORD,

    Plaintiff,

vs.

P.J. BRAZELTON, et al.,

    Defendants.

) 1:12cv01675 DLB PC
)
) ORDER DENYING
) PLAINTIFF'S MOTIONS TO
) PRESERVE EVIDENCE
) WITHOUT PREJUDICE
)
) (Documents 11 and 14)

    Plaintiff Brian Keith Stafford ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed on June 28, 2012. Plaintiff filed a second amended complaint on December 21, 2012. The complaint has not yet been screened pursuant to 28 U.S.C. § 1915A(a).

    On October 31, 2012, and November 2, 2012, Plaintiff filed identical motions to preserve evidence. Plaintiff seeks an order requiring Defendants to preserve videotape evidence of the June 6, 2012, Facility C yard video from the hours of 8:00 a.m., to 1:30 p.m., and the video recording of his June 6, 2012, interview with Officer J. Aguerralde.

    "[A]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc., 2006 WL 2308442, at *4 (E.D. Cal. 2006) (citing National

1

Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)).  The court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001), which includes spoliation of evidence, World Courier v. Barone, 2007 WL 1119196, at *2 (N.D. Cal. 2007); Ameripride Svcs., Inc., 2006 WL 2308442, at *4.

    A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation." Daniel v. Coleman Co., Inc., 2007 WL 1463102, *2 (W.D. Wash. 2007).

    At this juncture, Plaintiff's second amended complaint has not yet been screened.  As a result, it is unknown whether Plaintiff's complaint states a claim and whether any Defendants shall be made to answer.  Without having made any appearances, the Court does not have jurisdiction to issue any orders directed at Defendants.  If and when Plaintiff's complaint is served and Defendants make an appearance in this action, by filing either an answer or a motion responsive to Plaintiff's complaint, Plaintiff may renew his motion, taking care to make the requisite showing set forth in the preceding paragraph.  Until Defendants have made an appearance, Plaintiff's motion is premature and is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

    Dated:   **January 30, 2013**         /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE