# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN KEITH STAFFORD, | ) | Case No.: 1:12cv01675 DLB (PC) |
| Plaintiff, | ) ) | ORDER REQUIRING PLAINTIFF TO EITHER |
| | ) | FILE AMENDED COMPLAINT OR NOTIFY |
| v. | ) | COURT OF WILLINGNESS TO PROCEED ONLY |
| | ) | ON COGNIZABLE CLAIM |
| P. J. BRAZELTON, et al., | ) | |
| | ) | **THIRTY-DAY DEADLINE** |
| Defendants. | ) | |
| | ) | |
|_____| ) | |

Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 28, 2012.[1]  Plaintiff filed a Second Amended Complaint on December 21, 2012.  He names Pleasant Valley State Prison ("PVSP") Warden P. J. Brazelton, Correctional Captain R. J. Shannon, Correctional Lieutenants M. T. Dotson, R. J. Olaes and R. Lantz, Correctional Sergeants M. Santoya and A. Avila, Correctional Officers W. Tucker and A. Lara, and Licensed Vocational Nurse M. Patterson as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] On October 31, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on May 22, 2012, while standing in the grass area of PVSP Facility C and wearing his ADA vest, Defendant Tucker approached him and told him to get off the grass.  Plaintiff asked where he was supposed to go, and Defendant Tucker stated, "I don't care where you go, just stay the fuck out of my way until 2:30."  Plaintiff and another prisoner walked away.  Plaintiff filed a CDCR Form 22 to Defendant Tucker, asking him where they were allowed to stand.  Defendant Tucker did not respond.

2

On June 1, 2012, Defendant Tucker called Plaintiff to the C Facility Program Office and told Plaintiff to strip down to his waist because he wanted to know if Plaintiff was a gang member. Plaintiff filed a staff complaint about the incident.

On June 6, 2012, Plaintiff was sitting on a bench by the handball court.  About 110 prisoners were left on the yard and Defendant Tucker said they were not going inside until they formed a single line.  Plaintiff told Defendant Tucker that he had a "no prolonged standing" medical chrono, but Tucker ignored him.  Plaintiff went back to the bench and Defendant Tucker told him that he would not be allowed in unless he stood in line.

As Plaintiff was sitting on the bench, Defendants Tucker and Lara, along with an unidentified officer, approached Plaintiff.  Defendant Tucker asked for Plaintiff's chrono, which he did not have on him.  Plaintiff told Defendant Tucker that his chrono was in his cell, and Defendant Tucker then told Plaintiff to cuff up.  Plaintiff stretched his hands out in front of him, with his right hand holding onto the curve of his cane so that he could walk.  Defendant Tucker then grabbed Plaintiff's left wrist and twisted his wrist and arm behind his back.  Defendant Lara grabbed Plaintiff's right shoulder to keep him from falling down and Defendant Tucker placed Plaintiff in handcuffs.

As Plaintiff was being escorted, handcuffed and without his cane, Defendant Tucker lifted him by the left bicep.  Plaintiff wears a brace on his right leg, and this put additional weight on his right leg.  Defendant Tucker asked Plaintiff what he was in for, and Plaintiff told him to read his C-file.

Once off the yard, Plaintiff was taken to the C Facility Program Office.  Instead of being placed in a holding cell, he was taken further down the hallway and through the door where the sergeant sits.  Defendant Tucker became more assaultive and lifted Plaintiff up by the left bicep, causing him to put more weight on his injured right leg.  Defendant Santoya was sitting at the desk while Plaintiff told Defendant Tucker that he was hurting him.  Suddenly, the left side of Plaintiff's face and his left shoulder were slammed into the refrigerator in the office.  Plaintiff was placed in a holding cell and told to strip out.  After being stripped out, Plaintiff told staff that he wanted to press assault charges against Defendant Tucker, but no one came.

Defendant Tucker then called the C Facility Medical Clinic and said, "I got an asshole down here that I need" an injury report on.  About ten minutes later, Defendant LVN Patterson asked Plaintiff if he had any comments or injuries.  Plaintiff told Defendant Patterson that he was tired of having his head pushed into the refrigerator, and that he had pain on the left side of his head and in his left shoulder.  Defendant Patterson did not note this, or any other injuries.

At about 12:45 p.m., on June 6, 2012, Plaintiff was interviewed by Defendant Santoya.  Plaintiff told his that he wanted to press charges against Defendant Tucker.  Defendant Santoya released Plaintiff back to his housing unit after the interview.  At about 2:10 p.m., Plaintiff was taken from his cell and hand-cuffed for transport to the C Facility Program Office.  Defendant Avila conducted a video-taped interview and Plaintiff was then taken to Medical for another report.  Defendant Avila found that Plaintiff resisted during the escort and indicated on his report that no further action was required.  Defendant Olaes, the Acting Captain, agreed with the finding.

At 3:20 p.m., Defendant Patterson again evaluated Plaintiff.  Plaintiff told Defendant Patterson that the left side of his face was swollen and that his left shoulder hurt.  Defendant Patterson again claimed no injuries or swelling.  Plaintiff was allowed to return to his cell without an escort.

On June 8, 2012, Plaintiff was seen by an RN, who noted swelling in Plaintiff's face.

On June 10, 2012, Plaintiff filed a staff complaint and citizen's complaint against Defendants Tucker (for assault) and Patterson (for conspiring with Tucker to cover-up the assault).

Plaintiff was seen by RN Johnson on June 12, 2012, who noted swelling in Plaintiff's arm.

Also on June 12, 2012, Plaintiff went to his regularly scheduled appointment with Physical Therapist Evans.  Evans noted that range of motion in Plaintiff's left shoulder was now restricted.

On June 14, 2012, Plaintiff was issued a CDC-115 for "force and violence," classified by Defendant Olaes and reviewed by Defendant Santoya.

On June 19, 2012, Plaintiff saw RN Johnson again.  This time, RN Johnson commented that she had documented left shoulder swelling, but this was never noted by the nurse.

On June 26, 2012, Plaintiff saw Therapist Evans again.  He noted that range of motion in Plaintiff's left shoulder was "very restricted."

4

Defendant Dotson held a disciplinary hearing on July 5, 2012.  Although Plaintiff had a list of questions for witnesses, Defendant Dotson denied key witness Inmate Hawkins, as well as other witnesses, based on relevance.  Plaintiff contends that this violated his right to due process.  The hearing was also postponed because Defendant Lantz was called as a witness.  On July 10, 2012, when the hearing reconvened, Defendant Lantz was not contacted and half of Plaintiff's questions were deemed to be irrelevant by Defendant Dotson.

During the hearing, Defendants Lara, Tucker and Santoya changed their statements. Defendant Dotson stopped the hearing and conferred with Defendant Olaes.  The "force and violence" charge was dropped and Plaintiff was found guilty of "willfully resisting, delaying or obstructing a peace officer in the performance of his duties."

On July 25, 2012, Plaintiff filed a grievance addressing the disposition of the hearing.

On October 2, 2012, Plaintiff's staff complaint relating to stripping out in front of other officers was denied.

On November 30, 2012, Plaintiff's staff complaint against Defendants Tucker and Patterson was denied.

C.   **DISCUSSION**

1.   Defendants Brazelton and Shannon

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Supervisory defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and

5

failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Although Plaintiff names Warden Brazelton and Correctional Captain Shannon, he makes no factual allegations against them.  Plaintiff fails to link either of these Defendants to any alleged violation of his constitutional rights and therefore fails to state a claim against them.

2.      Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, __, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at __, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff appears to allege that Defendant Tucker used excessive force against him. Plaintiff alleges that while he was handcuffed and being escorted, Defendant Tucker lifted him by the left bicep and slammed him into a refrigerator.  At the pleading stage, these allegations are sufficient to state an Eighth Amendment excessive force claim against Defendant Tucker.

To the extent Plaintiff suggests that Defendant Lara used excessive force against him, he fails to state a claim.  Plaintiff alleges only that Defendant Lara grabbed Plaintiff's right shoulder "to keep Plaintiff from falling forward."  Compl. 5.  It does not appear that this was a malicious or sadistic use of force.

6

1

2          3.      Eighth Amendment- Medical Treatment

3          For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a

4  serious medical need by demonstrating that failure to treat [his] condition could result in further

5  significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's

6  response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner,

7  439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or

8  failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

9  indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind

10 is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v.

11 McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680

12 F.3d at 1122.

13         Plaintiff alleges that on two occasions, Defendant Patterson failed to document his injuries, i.e.,

14 a swollen face on the left side and a swollen left shoulder.  He suggests that this was done in an

15 attempt to cover up Defendant Tucker's use of excessive force.  His allegations are too vague,

16 however, to show that Defendant Patterson knew of, and disregarded, a serious medical need.  The

17 existence of an injury that a reasonable doctor would find important and worthy of comment or

18 treatment, the presence of a medical condition that significantly affects an individual's daily activities,

19 and/or the existence of chronic or substantial pain are indications of a serious medical need.  Lopez v.

20 Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted).  Plaintiff therefore fails to state a claim

21 against Defendant Patterson under the Eighth Amendment.

22         4.      Procedural Due Process

23         "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of

24 rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556,

25 94 S.Ct. 2963 (1974).  With respect to prison disciplinary proceedings, the minimum procedural

26 requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the

27 time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare

28 his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for

7

taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer,  Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ."  Hill, 472 U.S. at 455-56 (emphasis added)

Plaintiff's only specific claim of a due process violation is related to Defendant Dotson's refusal to allow him to call witnesses on relevance grounds.  Construing Plaintiff's complaint liberally, this states a procedural due process claim against Defendant Dotson.

As to the remaining Defendants (Olaes, Lantz, Santoya, Avila, Lara and Tucker), their involvement in the disciplinary hearing and/or disciplinary charges does not implicate due process protections.  He therefore fails to state any due process claims against them.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint states the following cognizable claims (1) excessive force in violation of the Eighth Amendment against Defendant Tucker; and (2) violation of procedural due process against Defendant Dotson.  It does not state any other claims against any other Defendants.  Plaintiff may either (1) proceed on his cognizable claims, identified above, or (2) file an amended complaint curing the deficiencies identified in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the

original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

   If Plaintiff is willing to proceed on his cognizable claims, he may notify the Court in writing. The Court will then dismiss Plaintiff's other claims and Defendants, and provide Plaintiff with further instructions regarding service of a summons and the complaint.

   Based on the foregoing, it is HEREBY ORDERED that:

   1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

   2.  Within thirty (30) days from the date of service of this order, Plaintiff must either:

     a.  File an amended complaint curing the deficiencies identified by the Court in this order, or

     b.  Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claims identified above.

   3.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

  Dated: __**June 23, 2013**__      _____/s/ _Dennis L. Beck___
                UNITED STATES MAGISTRATE JUDGE