**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN KEITH STAFFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TUCKER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12cv01675 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(Document 30) |

　　　　Plaintiff Brian Keith Stafford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 28, 2012. The action was transferred to this Court on October 11, 2012. Plaintiff a First Amended Complaint on December 3, 2012, but it was stricken as unsigned. Plaintiff filed a Second Amended Complaint (SAC") on December 21, 2012. This action is proceeding against (1) Defendant Tucker for violation of the Eighth Amendment; and (2) Defendant Dotson for violation of due process. All other claims and Defendants have been dismissed.

　　　　On September 26, 2013, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss based on exhaustion. Defendants also contend that the SAC should be dismissed for failure to state a

claim.[1]  Despite being properly served with the motion and necessary warnings, Plaintiff did not file an opposition or otherwise contact the Court.[2]

Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

**A.      LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).  An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

---

[1] Given the Court's disfavor of 12(b)(6) motions for failure to state a claim where a reasoned screening decision exists, and the fact that this action can be dismissed based on exhaustion, the Court will not reach the merits of Defendants' failure to state a claim argument.

[2] In Defendants' September 26, 2013, notice, filed concurrently with his Motion to Dismiss, Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

### B. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, an inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.7. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

### C. PLAINTIFF'S ALLEGATIONS[3]

The events at issue occurred while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP").

On June 6, 2012, Plaintiff was sitting on a bench by the handball court. About 110 prisoners were left on the yard and Defendant Tucker said they were not going inside until they formed a single line. Plaintiff told Defendant Tucker that he had a "no prolonged standing" medical chrono, but Tucker ignored him. Plaintiff went back to the bench and Defendant Tucker told him that he would not be allowed in unless he stood in line.

As Plaintiff was sitting on the bench, Defendant Tucker and two other officers approached him. Defendant Tucker asked for Plaintiff's chrono, which he did not have on him. Plaintiff told Defendant Tucker that his chrono was in his cell, and Defendant Tucker then told Plaintiff to cuff up. Plaintiff stretched his hands out in front of him, with his right hand holding onto the curve of his cane so that he could walk. Defendant Tucker then grabbed Plaintiff's left wrist and twisted his wrist and arm behind his back.

As Plaintiff was being escorted, handcuffed and without his cane, Defendant Tucker lifted him by the left bicep. Plaintiff wears a brace on his right leg, and this put additional weight on his right leg. Defendant Tucker asked Plaintiff what he was in for, and Plaintiff told him to read his C-file.

---

[3] Only allegations relating to the remaining claims are relevant.

1    Once off the yard, Plaintiff was taken to the C Facility Program Office.  Instead of being
2 placed in a holding cell, he was taken further down the hallway and through the door where the
3 sergeant sits.  Defendant Tucker became more assaultive and lifted Plaintiff up by the left bicep,
4 causing him to put more weight on his injured right leg.  Suddenly, the left side of Plaintiff's face and
5 his left shoulder were slammed into the refrigerator in the office.  Plaintiff was placed in a holding cell
6 and told to strip out.

7    On June 14, 2012, Plaintiff was issued a CDC-115 for "force and violence" related to the June
8 6, 2012, incident.

9    Defendant Dotson held a disciplinary hearing on July 5, 2012.  Although Plaintiff had a list of
10 questions for witnesses, Defendant Dotson denied key witness Inmate Hawkins, as well as other
11 witnesses, based on relevance.  Plaintiff contends that this violated his right to due process.  The
12 hearing was also postponed because Defendant Lantz was called as a witness.  On July 10, 2012, when
13 the hearing reconvened, Defendant Lantz was not contacted and half of Plaintiff's questions were
14 deemed to be irrelevant by Defendant Dotson.

15    During the hearing, Defendants Lara, Tucker and Santoya changed their statements.
16 Defendant Dotson stopped the hearing and conferred with Defendant Olaes.  The "force and violence"
17 charge was dropped and Plaintiff was found guilty of "willfully resisting, delaying or obstructing a
18 peace officer in the performance of his duties."

19    On July 25, 2012, Plaintiff filed a grievance addressing the disposition of the hearing.
20    On November 30, 2012, Plaintiff's staff complaint against Defendant Tucker was denied.

21 **D.    DISCUSSION**

22    Defendants argue that Plaintiff failed to fully exhaust his administrative remedies prior to filing
23 this action. Defendants contend that between June 6, 2012, the date of the alleged assault, and
24 December 21, 2012, the date of the SAC, Plaintiff filed six non-medical appeals at PVSP and accepted
25 for review.  Morgan Decl. ¶ 4.  Of those, two appeals dealt directly with the issues involved in this
26 action.  Morgan Decl. Ex. C, E.

27
28

Case 1:12-cv-01675-LJO-DLB   Document 37   Filed 12/19/13   Page 5 of 8

1. Procedural History

Plaintiff initiated this action by filing a letter with the subject "Requesting Assistance," on June 28, 2012. The letter asked for "some type of assistance" and set forth facts related to Defendant Tucker's alleged use of excessive force on June 6, 2012. Plaintiff attached an inmate appeal and citizen's complaint dealing with the alleged assault. The Court construed this as a complaint and opened the action on June 28, 2012. Also on June 28, 2012, Plaintiff was ordered to file his complaint on the correct form and an application to proceed in forma pauperis. Plaintiff filed his application on July 16, 2012.

The action was subsequently transferred to this Court on October 12, 2012, and after receiving two extensions of time,[4] Plaintiff filed a First Amended Complaint on December 3, 2012.

On December 5, 2012, the Court ordered that the First Amended Complaint be stricken as unsigned. Pursuant to that order, Plaintiff filed the operative SAC on December 21, 2012. Plaintiff indicated on the complaint form that the grievance process was *not* completed.

The Court screened the SAC on June 24, 2013, and found cognizable claims only against Defendants Tucker and Dotson.

On July 8, 2013, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims. The remaining claims and Defendants were dismissed on July 10, 2013.

At no time during the pendency of this action did Plaintiff object to the opening of this action on June 28, 2012.

2. Claim Relating to Defendant Tucker

In support of their motion, Defendants submit a copy of the documents associated with Appeal Log No. PVSP-C-12-01715, which is the appeal dealing with the June 6, 2012, incident involving Defendant Tucker. Morgan Decl. Ex. C. Plaintiff also attaches copies of the same documents to his SAC.

---

[4] The Court notes that Plaintiff's requests for extensions were based on his attempts to complete the exhaustion process. In both orders granting his requests, the Court included a footnote indicating that he may not have properly exhausted his administrative remedies, and that the failure to exhaust is an affirmative defense.

5

1    According to the documents, Plaintiff completed the CDCR 602 on June 10, 2012. The appeal
2    was bypassed at the First Level. The appeal was "assigned" at the Second Level on July 11, 2012.
3    Plaintiff's appeal was granted in part at the Second Level on August 3, 2012. The appeal was denied
4    at the Third Level on November 30, 2012. Morgan Decl. Ex. C.

5    The documents submitted by both Plaintiff and Defendants show that the appeal was not fully
6    exhausted until November 30, 2012, more than five months after this action was filed. It is clear in the
7    Ninth Circuit that exhaustion must be completed *prior* to filing suit. McKinney v. Carey, 311 F.3d
8    1198, 1199-1201 (9th Cir. 2002) (upholding the district court's dismissal where Plaintiff finished the
9    appeals process during the pendency of the action).

10   Accordingly, Defendants have met their burden as the moving party by demonstrating the
11   absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt,
12   315 F.3d at 1119.

13   The burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or
14   the existence of circumstances excusing exhaustion. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir.
15   2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). However, Plaintiff did not file an
16   opposition or otherwise respond to Defendants' arguments. In fact, as noted above, Plaintiff's
17   evidence and allegations in his verified SAC support Defendants' version of events. He also indicated
18   that he had not completed the grievance procedure.

19   The Court therefore finds that Plaintiff has failed to carry his burden and that this claim is
20   unexhausted.

21        3.    Claim Related to Defendant Dotson

22   As an initial matter, the claims related to Defendant Dotson did not arise until after the filing of
23   this action. Plaintiff's due process claim alleging that Defendant Dotson denied him the right to call
24   key witnesses, arose on July 5, 2012, the date of the disciplinary hearing, and/or on July 10, 2012,
25   when the hearing reconvened.

26   The due process allegations were included for the first time in Plaintiff's SAC, filed on
27   December 21, 2012. While a prisoner may allege new claims in an amended complaint based on
28   conduct that occurred after the filing of the original complaint, the new claims must be exhausted at

6

the time the amended complaint is filed. Rhodes v. Robinson, 621 F.3d 1002, 1005-1007 (9th Cir. 2010).

Here, Defendants contend that the appeal addressing the disciplinary hearing, Appeal No. PVSP-C-12-02000, (1) did not include any claim about the denial of witnesses; and (2) was not fully exhausted until January 23, 2013, about a month after Plaintiff included the claims in his SAC.

In his SAC, Plaintiff indicates that he submitted the grievance on July 25, 2012, and he attaches a copy of the 602. Plaintiff does not include any other documents related to the exhaustion of his due process claim.

Defendants are correct under both theories. Plaintiff's July 25, 2012, appeal alleges that he did not receive proper notice of a charge against him, and as a result, he was unable to prepare a defense. Plaintiff contends that the charge of obstructing a peace officer, the charge that he was ultimately found guilty of, was not included in the proper section of the Rules Violation Report. He also alleges that Defendant Dotson was biased against him and covered up facts in favor of Defendant Tucker. Finally, Plaintiff contends that there was no evidence to support the new charge. For relief, Plaintiff requests that a new Rules Violation Report issue that includes proper notice, that he be given an opportunity to present a defense, that Defendant Dotson be disqualified as the senior hearing officer, and that the charge be dismissed because there is no evidence to support it. Morgan Decl. Ex. E.

"[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In the absence of greater specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). In California, inmates are required only to describe the problem and the action requested. Cal. Code Regs., tit. 15 § 3084.2(a) (West 2009).

The Court agrees that this appeal does not properly exhaust Plaintiff's claims in the SAC related to the denial of witnesses. The denial of witnesses was related to Plaintiff's original charge of "force and violence," not the charge for which he alleges that he was denied the opportunity to present a defense in the grievance. The prison was not alerted to *any* issues related to the original charge of

"force and violence." Instead, Plaintiff complained about notice and related issues for the obstruction charge, the charge that he was ultimately found guilty of.

In any event, even if Plaintiff's appeal could be found sufficient to have provided sufficient notice, he did not receive a Third Level decision until January 23, 2013, more than one month after he filed the SAC. Morgan Decl. Ex. E.

Accordingly, Defendants have carried their burden of demonstrating that Plaintiff's due process claim was not fully exhausted at the time he filed the SAC. Plaintiff has failed to present any evidence to the contrary, and the Court finds that the claim is unexhausted.

### E.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss, filed September 26, 2013, be GRANTED; and
2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2013**           /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

8